IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03400-BNB

MICHAEL R. O'CONNOR,

    Applicant,

v.

TRAVIS TRANI, Warden, Colorado State Penitentiary,
RICK RAEMISCH, Executive Director, CDOC, and
MARY CARLSON, Time/Release Operations, CDOC,

    Respondents.

ORDER OF DISMISSAL

Applicant, Michael R. O'Connor, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Colorado State Penitentiary in Cañon City, Colorado. Mr. O'Connor has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, challenging the computation of his prison sentence by the DOC. On January 2, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondents intend to raise either or both of those defenses in this action. On January 22, 2014, Respondents filed a Preliminary Response, ECF No. 12, arguing that the action should be dismissed for failure to exhaust state court remedies. On January 31, 2014, Mr. O'Connor filed a Reply, ECF No. 13.

The Court must construe the Application and Reply liberally because Mr. O'Connor is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

A prisoner must exhaust state court remedies before he may pursue his federal constitutional claims in a habeas corpus action in this Court whether the action is asserted pursuant to § 2241 or § 2254.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  Therefore, the Court will proceed to consider whether Mr. O'Connor has exhausted his state court remedies.

The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  Furthermore, "[t]he exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state court remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. O'Connor has not exhausted state court remedies for his claims because he has not fairly presented his claims to the Colorado Supreme Court (CSC).  The parties agree that Mr. O'Connor has filed a habeas corpus petition in the Crowley County District Court, Case No. 11CV27; but Respondents assert that Mr. O'Connor did not submit his claims to the State's highest appellate court in that case.

Prelim. Resp., ECF No. 12, at 3. Respondents also assert that the Colo. App. .R. 21 petition Mr. O'Connor claims he filed with the CSC does not exhaust his state court remedies because the CSC has discretion in a Rule 21 petition to decline to address the merits of the petition. *Id.* at 3-4.

Attached to the Reply, Mr. O'Connor provides documentation that he did appeal the denial of his state court action by the Crowley County District Court in Case No. 11CV27, and that he has petitioned the CSC for certiorari review. *See* Reply at 4-9. Nonetheless, the CSC docket Mr. O'Connor attached to his Reply indicates that the petition is pending in the CSC, and Mr. O'Connor does not assert otherwise.

The original proceeding Mr. O'Connor filed in the CSC pursuant to Rule 21 does not satisfy the fair presentation requirement because, if a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille v. Peoples*, 489 U.S. 285, 351 (1989); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The CSC, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See* Colo App. R. 21; *see also Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Furthermore, relief under Rule 21 "shall be granted only when no other adequate remedy, including relief available by appeal . . . , is available." C.A.R. 21(a)(1). As a result, the denial of an original petition for an extraordinary writ by the CSC does not indicate that the court has considered the merits of the argument. *See*

*Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996).  The CSC's denial of Mr. O'Connor's Rule 21 petition did not exhaust his state court remedies.

Furthermore, Mr. O'Connor's action filed in Crowley County District Court, Case No. 11CV27, is not exhausted.  Though this Court has determined that an applicant is not required to petition for certiorari review under Colo. App. R. 51.1 to exhaust his claims, the Court defers consideration of Mr. O'Connor's claims as a matter of comity.  *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603 (1975) (extending the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37 (1971), to civil proceedings).  Like an unexhausted federal habeas claim, a claim pending before a state court based only on comity is so similar in nature to an unexhausted claim that this Court will treat the Application as unexhausted.

For these reasons, the instant action will be dismissed for failure to exhaust state court remedies.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. O'Connor files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application, ECF No. 1, is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. O'Connor has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   21st   day of      March      , 2014.

BY THE COURT:


   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court