IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03400-LTB

MICHAEL R. O'CONNOR,

    Applicant,

v.

TRAVIS TRANI, Warden, Colorado State Penitentiary,
RICK RAEMISCH, Executive Director, CDOC, and
MARY CARLSON, Time/Release Operations, CDOC,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the "Motion to Reconsider the Court's Order of Dismissal," ECF No. 16, filed on March 28, 2014. Applicant seeks reconsideration of the Order of Dismissal and Judgment filed on March 21, 2014, denying his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Motion to Reconsider liberally because Applicant is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion will be denied.

The Court denied the habeas corpus application and dismissed the instant action without prejudice for Applicant's failure to exhaust state court remedies before seeking federal habeas corpus relief. The reasons for the dismissal are explained in greater detail in the March 21 Order of Dismissal.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Applicant's motion to reconsider pursuant to Fed. R. Civ. P. 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on August 14.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Applicant asserts that the Colorado Supreme Court decided the pending petition for certiorari review regarding his state criminal case on February 18, 2014, before this Court entered an order dismissing this action for failure to exhaust state court remedies. Applicant contends that because he had exhausted his state court remedies before the Court entered the dismissal on March 21, 2014, the action should be reinstated.

Pursuant to 28 U.S.C. § 2254(b) a habeas petitioner must have exhausted available state court remedies prior to seeking habeas relief. *Smith v. Maschner*, 899 F.2d 940, 951 (10th Cir. 1990). Applicant's petition for certiorari review was pending on December 17, 2013, when he filed this case. Applicant bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). He had sufficient time to inform the Court that his pending petition for certiorari review had been denied by Colorado Supreme Court before this case was dismissed. Nonetheless, he had not exhausted his remedies when he initiated this action.

Upon consideration of the entire file, the Court finds and concludes that Applicant fails to demonstrate some reason why the Court should reconsider and vacate the decision to dismiss this action. Therefore, the Motion to Reconsider will be denied. Applicant is reminded that this case was dismissed without prejudice and he may initiate a new § 2254 action now that his state court remedies are exhausted. Accordingly, it is

ORDERED that the Motion to Reconsider, ECF No 16, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this  4th  day of    April        , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court